## Kerr Trust

*Thomas G. Ashton* and *J. Peter Williams*, for accountants.

*Richard Reifsnyder*, for legatee.

MACELREE, P. J., July 26, 1966.—The fund accounted for pertains to an inter vivos trust created by deed of trust of Ann Wetherill Kerr, settlor, dated December 29, 1933, sur trust for J. Renwick Kerr et al. . . .

Also attached to the petition for adjudication and statement of proposed distribution is the following statement of questions requiring adjudication:

"Beginning in 1943, J. Renwick Kerr, husband of the settlor and co-trustee as well as primary income beneficiary, made contributions to principal of cash and stock dividends, all of which are included in the principal accounting, with contributions of cash only also shown as Exhibit A. By irrevocable assignment dated July 12, 1963 he assigned to Anne Kerr Nichols all of his interest in the income from his own contributions to principal. Because of those contributions made by him from time to time and because of his assignment of income, the following questions are presented for determination:

"1) Were such contributions of cash and stock dividends proper additions to principal, despite the fact the deed contains no express authority for persons other than the settlor to add to the trust? (Copy of letter of instructions dated May 25, 1953 from J. R. Kerr to Provident Trust Company is attached). If so, should not such contributions be continued in trust under original deed?

"2) Did the irrevocable assignment dated July 12, 1963 by J. Renwick Kerr to Anne Kerr Nichols (copy of which is attached) of the assignor's interest in income from such part of the principal as was contributed to the trust by J. Renwick Kerr include all income earned after July 12, 1963 on the stock dividend contributions as well as the cash contributions to the trust by J. Renwick Kerr?

"3) If both questions (1) and (2) are answered in the affirmative, is not Anne Kerr Nichols, assignee, now entitled to $28.30 of income erroneously paid by the trustees to J. Renwick Kerr after July 12, 1963".

It is further suggested by counsel for the accountants that if this income is allowed to the successor

beneficiary, this court should so award it to her, and direct recovery against the estate of J. Renwick Kerr, of whose estate Girard Trust Bank and James R. Kerr, Jr. are the executors, and likewise, parties to this accounting. . . .

Answering the questions submitted in the order in which they have been stated, this court is of opinion:

(a) That contributions of cash and stock dividends by J. Renwick Kerr were proper additions to principal and should be continued in trust under the original trust indenture.

(b) That the irrevocable assignment by J. Renwick Kerr to Anne Kerr Nichols did include all income earned after July 12, 1963, on the stock dividend contributions, as well as the cash contributions from J. Renwick Kerr.

(c) That Anne Kerr Nichols is entitled to the sum of $28.30 of income paid by accountants to J. Renwick Kerr subsequent to July 13, 1963, and the trustees are surcharged with this erroneous payment in the amount of $28.30, without prejudice to their right to assert said claim against the personal representatives of J. Renwick Kerr, now deceased.

A question arises under the provisions of items 14 and 15 of said trust indenture, which are as follows:

"14. It is hereby stipulated that there shall always be one corporate trustee and two individual trustees of the trust herein and hereby created; and to that end it is agreed that upon the death, resignation or inability to act of either of the above named individual trustees the surviving individual trustee shall select an individual, who if approved by the corporate trustee shall thereupon become a trustee. Upon the death, resignation or inability to act of the survivor of the above named individual trustees, the then oldest issue of the SETTLOR, and in succession, shall become a trustee, and in like manner the then next oldest is-

418

sue of the SETTLOR shall succeed the person appointed as a trustee as aforesaid.

"15. Upon the delivery to the then corporate trustee of a written request duly signed by the beneficiaries for the time being entitled to receive more than one-half the income, said beneficiaries for the time being being then residents of a State or States other than the State wherein the then corporate trustee has its principal office, the then corporate trustee shall forthwith resign and the corporate trustee named in such writing, provided it shall then be a trustee of individual trusts in excess of Two hundred and fifty million dollars ($250,000,000.), shall thereupon act as succeeding corporate trustee and shall be vested with all the powers, and shall be subject to all the duties, herein given to or imposed upon the original corporate trustees".

Based in part upon the aforesaid provisions of the trust indenture, and predicated further upon section 309 of the Orphans' Court Act of August 10, 1951, P. L. 1163, as amended, Anne Kerr Nichols, now a resident of Portland, Oregon, has filed a petition for a change of situs of the trust to the State of Oregon and requests court approval of her appointment of "The Oregon Bank", located at Portland, Oregon, as substituted trustee.

This court is of opinion that any corporation, in order to qualify as fiduciary in any capacity without security in this court, must make application by petition in accordance with our rules of court.

Such a petition has been filed in the separate Orphans' Court of Chester County under date of July 21, 1966, by "The Oregon Bank", and is incorporated herein by reference thereto.

This court herewith approves the petition of The Oregon Bank as being qualified to serve as a fiduciary without security in this court.

A further question arises as to whether the provisions in item 15 of said trust indenture, to wit: ". . . provided it shall then be a trustee of individual trusts in excess of Two hundred and fifty million dollars ($250,000,000)", imposes an enforceable restriction upon the authority of the court under section 309 of the Orphans' Court Act of 1951, as amended, inasmuch as it is averred that no corporate fiduciary exists in the State of Oregon (including "The Oregon Bank") which has individual trusts assets in excess of $250,-000,000.

The statutory provision, to wit, section 309 of the Orphans' Court Act of 1951, is as follows:

"A court having jurisdiction of a testamentary or inter vivos trust, on application of a trustee or of any party in interest, after such notice to all parties in interest as it shall direct and aided if necessary by the report of a master, and after such accounting and such provision to insure the proper payment of all taxes to the Commonwealth and any political subdivision thereof as the court shall require, may direct *notwithstanding any of the other provisions of this act,* that the situs of the trust shall be changed to any other place within or without the Commonwealth if the court shall find the change necessary or desirable for the proper administration of the trust. Upon such change of situs becoming effective by the assumption of jurisdiction by another court, the jurisdiction of the court as to the trust shall cease and thereupon the situs of the trust for all purposes shall be as directed by the court". (Italics supplied.)

The petition of Anne Kerr Nichols avers that if the situs of the trust is changed to the State of Oregon, she will request the Provident National Bank to resign, in accordance with item 15 of the trust indenture, and will appoint "The Oregon Bank" as successor corporate trustee in its place.

For the reasons set forth in the petition of Anne Kerr Nichols, this court is of opinion that the change of situs is desirable.

This court, having approved The Oregon Bank as a corporate fiduciary without security, believes it has authority under section 309 of the Orphans' Court Act, above noted, to and hereby does approve its appointment as successor cotrustee, if and when Provident National Bank has resigned and petitioner, Anne Kerr Nichols, has complied with the provisions of item 15 of the trust indenture, in writing, in accordance with the terms thereof.

Accordingly, this court herewith approves the change of situs of said trust to the State of Oregon, and will, upon presentation of the resignation of Provident National Bank, approve "The Oregon Bank" as successor corporate trustee and will then enter an appropriate award.

We will, however, withhold awarding said trust fund until the foregoing conditions have been complied with.